**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-3301
_____

JOSEPH G. AULISIO,
                              Appellant

v.

ANN CHIAMPI; KAREN STROUP; ANNE PLASKA
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 4-14-cv-00196)
District Judge:  Honorable Matthew W. Brann

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 8, 2018
Before:  GREENAWAY, Jr., BIBAS, and ROTH, <u>Circuit</u> <u>Judges</u>

(Opinion filed: March 20, 2019)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Joseph Aulisio, proceeding pro se, appeals from the District Court's order granting defendants' motion for summary judgment and denying his motions for recusal and sanctions. For the following reasons, we will affirm the judgment of the District Court.

In February 2014, Aulisio, a Pennsylvania state prisoner confined at the Retreat State Correctional Institution, Hunlock Creek, Pennsylvania ("SCI-Retreat"), filed a pro se civil rights action in the United States District Court for the Middle District of Pennsylvania. Aulisio alleged that when he was working as a law clerk in the SCI-Retreat library, he was singled out for harassment by the defendants. While working on what Aulisio claimed was work-related material, his materials were confiscated by Defendant Chiampi and he was issued a misconduct charge, of which he was later found guilty by Defendant Plaska. Aulisio further alleged that his confiscated materials were then destroyed by the defendants.

Based on these events, Aulisio claimed that the defendants violated his equal protection and due process rights, retaliated against him for threatening to file a lawsuit, prevented him from accessing the courts, hindered the free exercise of speech, conspired to subject him to false misconduct charges, and intentionally caused the loss of personal property. On March 4, 2015, the District Court partially granted the defendants' motion to dismiss. Specifically, the District Court dismissed the following claims: that the DOC's grievance procedure was unconstitutional, the due process claim against Defendant Plaska, the retaliation claims against Defendants Plaska and Stroup, and the equal protection claim. Aulisio's surviving claims were as follows: (1) a retaliation claim

2

against Chiampi, (2) the denial of access to the courts, (3) conspiracy, (4) a violation of free speech, and (5) property loss. On December 9, 2015 and February 1, 2017, the District Court denied Aulisio's two motions for recusal. On August 23, 2017, the District Court denied Aulisio's motion for sanctions against the defendants. On September 21, 2017, the District Court entered an order granting summary judgment to the defendants on the remaining claims, and denied Aulisio's third motion for recusal. Aulisio filed a timely notice of appeal. He specifically appeals the District Court's order granting summary judgment, the order denying his motion for sanctions, and the orders denying his motions for recusals. However, in his argument in support of appeal, Aulisio also argues against the dismissal of his equal protection claim.[1]

## I.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review of orders granting motions to dismiss and motions for summary judgment. Lorenz v. CSX Corp., 1 F.3d 1406, 1411 (3d Cir. 1993) (motion to dismiss); Gallo v. City of Philadelphia, 161 F.3d 217, 221 (3d Cir. 1998) (summary judgment). We review the denial of the recusal motion and denial of the motion for sanctions for abuse of

---

[1] All other claims dismissed in the Districts Court's March 4, 2015 order are not within the scope of this appeal. Aulisio does not specifically appeal the Court's March 4, 2015 dismissal order, and accordingly, we deem it waived. See Bowers v. Nat'l Collegiate Athletic Ass'n, 475 F.3d 524, 535 n.11 (3d Cir. 2007). However, after a careful review of the record, we note that the District Court was correct to dismiss Aulisio's claims regarding the constitutionality of the DOC's grievance procedure, the due process claims against Defendant Plaska, and the retaliation claim against Defendants Plaska and Stroup.

discretion.  Jones v. Pittsburgh Nat'l Corp., 899 F.2d 1350, 1356 (3d Cir. 1990) (motion for recusal); Grider v. Keystone Health Plan Cent, Inc., 580 F.3d 119, 134 (3d Cir. 2009) (motion for sanctions).  In reviewing an order granting a motion to dismiss, we accept all factual allegations in the complaint as true, and we draw all reasonable inferences in the light most favorable to the plaintiff.  Lorenz, 1 F.3d at 1411.  Summary judgment is appropriately entered only when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56.

## II.

We agree with the District Court that Defendant Chiampi was entitled to summary judgment regarding Aulisio's retaliation claim.  A prisoner's allegations concerning retaliation must include the following: "(1) constitutionally protected conduct, (2) an adverse action by prison officials 'sufficient to deter a person of ordinary firmness from exercising his [constitutional] rights,' and (3) 'a causal link between the exercise of his constitutional rights and the adverse action taken against him.'"  Mitchell v. Horn, 318 F.3d 523, 530 (3d Cir. 2003) (quoting Rauser v. Horn, 241 F.3d 330, 333 (3d Cir. 2001)).  The burden then shifts to the prison officials to prove "that they would have made the same decision absent the protected conduct for reasons reasonably related to a legitimate penological interest."  Rauser, 241 F.3d at 334.

Aulisio has failed to show that he was engaged in constitutionally protected conduct.  In his complaint, Aulisio states that Chiampi confiscated his materials before he voiced any intent to file a grievance or lawsuit pertaining to the matter.  Dkt # 1, at 3, 8.

4

At the time of the confiscation, Aulisio was working on personal material, and was therefore violating DOC regulations which prohibited possession of personal legal materials during work hours. Additionally, the District Court correctly found that any adverse action Aulisio complained of was "de minimis," see McKee v. Hart, 436 F.3d 165, 170–71 (3d Cir. 2006), since the materials confiscated by Chiampi were thereafter offered back to Aulisio, who refused to accept them. Dkt # 1, at 3–4. The defendants' alleged conduct was thus not sufficiently serious to "deter a person of ordinary firmness from exercising his [constitutional] rights." See Mitchell, 318 F.3d at 530. Furthermore, Aulisio has failed to show that his constitutionally protected conduct was a motivating factor in the discipline. It is clear from the record that the decision to confiscate Aulisio's materials and issue him a misconduct charge resulted from his violation of DOC regulations, not from his statements regarding his intent to file a grievance or lawsuit.

### III.

We agree that summary judgment was warranted on Aulisio's access to the courts claim. "[P]risoners may only proceed on access-to-courts claims in two types of cases, challenges (direct or collateral) to their sentences and conditions of confinement." Monroe v. Beard, 536 F.3d 198, 205 (3d Cir. 2008) (citing Lewis v. Casey, 518 U.S. 343, 354–55 (1996)). Aulisio does not allege that he had any such case pending, much less that the defendants' actions interfered with them.

### IV.

We agree with the District Court that summary judgment was warranted regarding Aulisio's freedom of speech claim. While inmates retain the "protections afforded by the First Amendment," O'Lone v. Estate of Shabazz, 482 U.S. 342, 348 (1987), they "retain[] [only] those First Amendment rights that are not inconsistent with [their] status as [] prisoner[s] or with the legitimate penological objectives of the corrections system," Pell v. Procunier, 417 U.S. 817, 822 (1974). To determine whether a regulation infringing upon constitutional rights is reasonable, courts apply the four factors set forth in Turner v. Safley, 482 U.S. 78 (1987). These factors require courts to consider: (1) "whether the regulation bears a 'valid, rational connection' to a legitimate and neutral government objective;" (2) "whether prisoners have alternative ways of exercising the circumscribed right;" (3) "whether accommodating the right would have a deleterious impact on other inmates, guards, and the allocation of prison resources generally;" and (4) "whether alternatives exists that 'fully accommodate[] the prisoner's rights at de minimis cost to valid penological interests." Fraise v. Terhune, 283 F.3d 506, 513-14 (3d Cir. 2002) (quoting Turner, 482 U.S. at 89-90).

We agree with the District Court that SCI-Retreat's policy to prevent inmate library workers from working on personal matters while on duty satisfies Turner. This regulation ensures that prisoners focus on their job duties and allows prisoners to work on personal matter while not on duty. Permitting prisoners to ignore this policy while on duty would have an adverse impact on the prison library.

V.

6

Summary judgment was also properly granted regarding Aulisio's due process claim.  Even "an unauthorized intentional deprivation" of an inmate's property by prison officials "does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available."  Hudson v. Palmer, 468 U.S. 517, 533 (1984).  This Court has consistently held that the availability of a prison's grievance procedure is a meaningful postdeprivation remedy.  See, e.g., Tillman v. Lebanon Cty. Corr. Fac., 221 F.3d 410, 422 (3d Cir. 2000).  Aulisio has failed to state a due process claim because the record shows that he had access to, and took advantage of, the prison grievance system after his property was seized.

VI.

Summary judgment was properly granted on Aulisio's claim that Defendants conspired against him to subject him to a false misconduct charge and loss of personal property. "To constitute a conspiracy, there must be a 'meeting of the minds.'"  Startzell v. City of Philadelphia, 533 F.3d 183, 205 (3d Cir. 2008) (quoting Adickes v. S.H. Kress & Co., 398 U.S. 144, 158 (1970)).  Aulisio offered nothing more than conclusory statements that Defendants conspired to deprive him of his constitutional rights; no evidence suggests that they agreed, plotted, or even discussed doing so.

VII.

Aulisio also appeals the dismissal of his equal protection claim, based on a class of one theory.  The District Court held that Aulisio's claim "d[id] not involve a

7

classification based on race, religion or national origin" and that no facts were alleged which could support a claim that "[d]efendants engaged in intentional or purposeful discrimination or that they treated [Aulisio] differently from similarly situated individuals on the basis of his race, religious beliefs, or some other impermissible reason." Dkt # 20, at 16. On appeal, Aulisio argues that the District Court used the wrong legal standard to dismiss his equal protection claim, and that his complaint sufficiently alleged that he was intentionally treated differently from other similarly situated inmates at the library when his materials were confiscated.

In a class of one claim, a plaintiff must establish that: "(1) the defendant[s] treated him differently from others similarly situated, (2) the defendant[s] did so intentionally, and (3) there was no rational basis for the difference in treatment." Hill v. Borough of Kutztown, 455 F.3d 225, 239 (3d Cir. 2006); Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000). Under this theory, a plaintiff need not allege class-based discrimination. See Engquist v. Oregon Dep't of Agr., 553 U.S. 591, 601 (2008); Davis v. Prison Health Servs., 679 F.3d 433, 441 (6th Cir. 2012) ("[I]n 'class-of-one' claims, 'the plaintiff [does] not allege membership in a class or group' but rather simply 'alleges that she has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment.'" (quoting Olech, 528 U.S. at 564)). Even if Aulisio's complaint sufficiently shows that he was treated differently from similarly situated persons and that the treatment was intentional, Aulisio has failed to show that defendants lacked any rational basis for the difference in treatment. Under the rational

8

basis standard, any rational ground for the conduct in question will suffice to defeat the class-of-one claim.  See Stotter v. Univ. of Tex. at San Antonio, 508 F.3d 812, 824 (5th Cir. 2007); Srail v. Village of Lisle, 588 F.3d 940, 946 (7th Cir. 2009) (plaintiff must "eliminate any reasonably conceivable state of facts that could provide a rational basis" for the government's actions).  In this case, the prison officials clearly had rational grounds for issuing Aulisio a misconduct and confiscating his materials.  The misconduct charge specifically states that Aulisio was charged with lying to an employee and possession of contraband (two folders which were not related to Aulisio's job duties and did not belong in the library at that time).  Aulisio has thus failed to show that the adverse treatment he experienced was "so unrelated to the achievement of any combination of legitimate purposes that [the court] can only conclude that the [government's] actions were irrational."  Warren v. City of Athens, 411 F.3d 697, 710–11 (6th Cir. 2005) (quoting Kimel v. Fla. Bd. of Regents, 528 U.S. 62, 84 (2000)).  Thus, Aulisio's equal protection claim was properly dismissed by the District Court.

VIII.

Aulisio additionally appeals the District Court's denials of his motions for recusal. We have reviewed the District Court's analysis of his motion for recusal, and, for substantially the reasons stated by the Court, we agree that the motions were meritless. See, e.g., In re Kensington Int'l Ltd., 353 F.3d 211, 219 (3d Cir. 2003) (recusal is warranted when a judge's impartiality might reasonably be questioned).  Aulisio appears to have taken issue only with the rulings made by the Court and such complaints are not a

9

basis for recusal. <u>See</u> <u>Securacomm Consulting, Inc. v. Securacom Inc.</u>, 224 F.3d 273, 278 (3d Cir. 2000).

IX.

We also conclude that the District Court did not abuse its discretion in denying Aulisio's motion for sanctions. On appeal, Aulisio argues that the District Court should have sanctioned the defendants for destroying two folders belonging to Aulisio that were confiscated by prison employees. The District Court concluded that there was no evidence suggesting that defendants destroyed Aulisio's documents, and instead found that the defendants were unable to locate the materials. This conclusion is supported by the fact that prison officials attempted to return one of the documents to Aulisio, but he refused to accept it. Therefore, the record does not contain any credible evidence to support Aulisio's claim that defendants willfully and intentionally destroyed his materials.

Accordingly, we will affirm judgments of the District Court.

10